UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:   Jaroslaw Mielewczyk<br>                    Debtor<br><br>SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of LB-Cabana Series IV Trust<br>v.<br><br>Jaroslaw Mielewczyk-Debtor<br>Kamila I. Mielewczyk-Co-debtor<br>Kenneth E. West-Trustee<br>                    Respondents | CASE NO.: 23-11838-amc<br><br>CHAPTER 13<br><br>Judge:  Ashely M. Chan<br><br>Hearing Date: November 12, 2024 at 11:00AM<br><br>Objection Deadline: November 6, 2024 |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY

SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of LB-Cabana Series IV Trust (on behalf of itself and together with any successor and/or assign, "Movant") hereby moves this Court for an Order (i) pursuant to 11 U.S.C. § 362 (d)(1); vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor`s premises located at 614 Iva Lane, Fairless Hills, PA 19030; vacating the co-debtor stay in effect pursuant to 11 U.S.C. § 1301(a) and (ii) for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

1.    Movant is the holder of a Note executed by Jaroslaw Mielewczyk dated March 29, 2006, whereby Jaroslaw Mielewczyk promised to repay $200,000.00 plus interest to New Century Mortgage Corporation (the "Original Lender"). To secure the repayment of the Note, Jaroslaw Mielewczyk and Kamila I. Mielewczyk, husband and wife executed a Mortgage in favor of New Century Mortgage Corporation, encumbering the Property commonly known as 614 Iva Lane,

Fairless Hills, PA 19030, which Mortgage was recorded in the Official records of Bucks County at Book 4941, Page 2296 (hereinafter "Mortgage"). Other than liens with statutory priority, Movant's mortgage is in first lien position. The Mortgage was ultimately assigned to Movant by an Assignment of Mortgage. Debtor entered into a Loan Modification Agreement with prior servicer Litton Loan Servicng LP, effective June 1, 2010, which created a new principal balance in the amount of $200,000.00 (the "Loan Modification").A copy of the Note, Mortgage and Assignments of Mortgage and Loan Modification are attached hereto as **Exhibit A**.

2. The Petition under Chapter 13 of the United States Bankruptcy Code was filed by the Debtor Jaroslaw Mielewczyk on June 23, 2023.

3. This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue of this case and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The Debtor has failed to make current mortgage payments due under the terms of the Loan. As a result, the Loan remains post-petition due for August 1, 2024, and each subsequent payment thereafter.

6. Pursuant to 11 U.S.C. § 362(d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

7. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. In Re Taylor, 151 B.R. 646, 648 (Bankr. E.D.N.Y. 1993).

8. Movant will be irreparably injured by continuation of the co-debtor stay imposed

under 11 U.S.C. § 1301(a) absent payments from the Debtor and/or Co-Debtor. As such, the co-debtor stay should be lifted pursuant to 11 U.S.C. § 1301(c)(3), and Movant should be permitted to proceed against the Co-Debtor.

9. Accordingly, grounds exist to vacate the stay in Debtor's case and Movant therefore requests that the co-debtor stay imposed under 11 U.S.C. § 1301(a) of the Bankruptcy Code be modified and terminated for cause to permit Movant to pursue its rights against the Co-Debtor under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

10. Movant respectfully requests reasonable attorney fees in the amount of $1,050.00 and costs in the amount of $199.00.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay and for such other, further and additional relief as to this Court may deem just, proper and equitable.

Dated: October 23, 2024
By: /s/ Lauren Moyer
Lauren Moyer, Esq.
**FRIEDMAN VARTOLO LLP**
Attorneys for SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of LB-Cabana Series IV Trust
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150
Bankruptcy@FriedmanVartolo.com